1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   FORREST BLOCKER,                         No. C 12-05597 CRB

12              Plaintiff,                     **ORDER VACATING HEARING AND**
                                              **DENYING MOTION FOR RECUSAL**
13        v.

14   COUNTY OF CONTRA COSTA, ET AL,

15              Defendant.
                                        /
16

17        Plaintiff Forrest Blocker moves for recusal pursuant to 28 U.S.C.A. § 455.  See

18   generally Mot. (dkt. 42).  The Court has reviewed the parties' filings in this matter,[1] finds it

19   suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), VACATES

20   the hearing currently set for Friday, April 12, 2013, and DENIES the Motion, as explained

21   below.

22        Plaintiff's Motion stems from the initial case management conference ("CMC") in this

23   case, held on February 8, 2013.  Id.; Minutes (dkt. 39).  Chiefly, Plaintiff complains that the

24   Court (1) suggested that Plaintiff informally interview Defendants' witnesses in advance of

25   taking their depositions; (2) limited the amount of time Plaintiff had to take the deposition of

26   some of  Defendants' witnesses, providing that "if Plaintiff's counsel didn't feel those were

27   enough time 'after [he'd] taken the depositions,' he could come back to the Court and,

28

     ───────────────
              [1] Plaintiff appears to have decided against filing a reply brief.  See Civil Local Rule 7-3(c) (reply
     must be filed not more than 7 days after opposition was due).

'explain why [he felt he] need[ed] more time"; and (3) quoted from the parties' Case Management Conference Statement, and then made hostile comments about Plaintiff's claims.  Id. at 1-5.  Even accepting Plaintiff's complaints as true, they do not support recusal here.

Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and also "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455.  Essentially it asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citation omitted).

Importantly, "in the absence of some extrajudicial source of bias or partiality, 'judicial remarks during the course of a trial that are critical or disapproving of, or even hostile, to counsel, or the parties, or their cases, ordinarily do not support a bias or partiality challenge.'"  United States v. Martin, 278 F.3d 988, 1005 (9th Cir. 2002) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)); see also United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) (parties to a proceeding may not "attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity"); United States v. Holland, 519 F.3d 909, 914 (9th Cir. 2008) (citing Liteky, 510 U.S. at 555) ("the judge's conduct during the proceedings should not, except in the 'rarest of circumstances,' form the sole basis for recusal under § 455(a).").

Plaintiff points to no extrajudicial sources of bias in this case.  Indeed, according to Plaintiff's account of the CMC, the catalyst for the Court's comments was the Case Management Conference Statement.  See Mot. at 1.  Further, Plaintiff's arguments that the extrajudicial source doctrine should be abandoned, see, e.g., id. at v, are not well taken; this Court is bound by Ninth Circuit precedent.

Absent an extrajudicial source of bias, Plaintiff also fails to demonstrate that the Court's comments at the CMC reveal what she calls a "level of bias – the kind that makes a fair judgment impossible."  See Mot. at 10; see also id. at 11 (referring to "a 'guarantee' of

1   bias or prejudice" in this case).  "[O]nly exceptionally inflammatory information will provide

2   grounds for recusal based on bias or prejudice" if information is acquired during court

3   proceedings.  See United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010).  Here, the

4   Court's suggestion of interviews and its rulings regarding deposition lengths were made in

5   accordance with Federal Rule of Civil Procedure 1, which provides that the Rules "be

6   construed and administered to secure the just, speedy, and inexpensive determination of

7   every action and proceeding."  And, though the Court disagrees with Plaintiff's

8   characterization of its comments, even Plaintiff's characterization does not demonstrate that

9   the Court is so biased that it is incapable of fair judgment.  See United States v. Wilkerson,

10  208 F.3d 794, 797 (9th Cir. 2000); see also McTiernan, 695 F.3d at 892 (citing Liteky, 510

11  U.S. at 550-51) ("'expressions of impatience, dissatisfaction, annoyance, and even anger, that

12  are within the bounds of what imperfect men and women, even after having been confirmed

13  as federal judges, sometimes display,' do not establish bias or partiality.").[2]

14        For the foregoing reasons, the Motion is DENIED.

15        **IT IS SO ORDERED.**

16

17  Dated: April 3, 2013                        _____
                                               CHARLES  R. BREYER
18                                             UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28
    _____
        [2] Finally, the Court finds Plaintiff's reliance on Evon v. Law Offices of Sidney Mickell, 688 F.3d
    1015 (9th Cir. 2012), misplaced, as that case does not involve recusal.